UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MEGAN ELIZABETH HAUCK,<br><br>Plaintiff,<br><br>v.<br><br>MERCK ANIMAL HEALTH USA - HOME AGAIN,<br><br>Defendant. | CASE NO. 2:25-cv-01656-JNW<br><br>DISMISSAL ORDER |

## 1.  INTRODUCTION

This matter comes before the Court on Defendant's motion to dismiss. Dkt No. 30. Having reviewed the motion, Plaintiff's opposition, Dkt. No. 31, the reply, Dkt. No. 32, and all other supporting materials, the Court GRANTS the motion for the reasons stated below.

## 2.  BACKGROUND

Defendant operates the HomeAgain microchip registry system, a nationwide database used to identify ownership of lost pets who have been implanted with a

DISMISSAL ORDER - 1

microchip. Dkt. No. 27 ("FAC") ¶ 3. Veterinarians, shelters, and municipal authorities rely on this database to determine ownership of animals. FAC ¶ 11.

Hauck owned a dog named Pearl, who was implanted with a HomeAgain microchip identifying Hauck as the owner. *Id.* ¶ 9. Around March 2024, Pearl's HomeAgain registration was changed to list a third party as Pearl's owner. *Id.* ¶ 12. Hauck attempted to contact Defendant to correct Pearl's registration but was unsuccessful. *Id.* ¶¶ 15–18. Relying on the incorrect registration information, municipal authorities removed Pearl from Hauck's possession for a "prolonged period," during which Pearl's health declined. *Id.* ¶¶ 19–23. Pearl was eventually returned to Hauck pursuant to a court order but was euthanized shortly thereafter due to medical complications. *Id.* ¶¶ 24–26. Hauck then sued Defendant, which now moves to dismiss. Dkt. No. 30.

## 3.    DISCUSSION

Defendant seeks dismissal on jurisdictional grounds and based on the legal sufficiency of Hauck's claims. The Court need only reach the jurisdictional questions to conclude that dismissal is warranted.

### 3.1    Article III standing.

Federal judicial power extends only to "cases" and "controversies." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338, (2016). "Standing to sue is a doctrine rooted in the traditional understanding of a case or controversy." *Id.* To have standing, a plaintiff must have "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a

favorable judicial decision." *Id.* To show that an injury in fact is "fairly traceable" to the defendant's conduct, a plaintiff must show a causal connection between the injury and the defendant's challenged conduct—not merely "the result of the independent action of some third party not before the court." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–561 (1992) (quoting *Simon v. E. Ky. Welfare Rts. Org.*, 426 U.S. 26, 41–42 (1976)) (alterations omitted).

Hauck alleges that "[t]hird parties, including municipal authorities, relied on Defendant's registry," and that she "lost effective control over Pearl" as a "direct result of Defendant's actions." FAC ¶¶ 19, 21. But these conclusory statements do not show how *Defendant's* challenged conduct caused the alleged harms to Hauck (or Pearl). The complaint is devoid of any allegations regarding how Hauck lost possession of Pearl, what specific third party relied on HomeAgain, the extent of that reliance, and what role—if any—Defendant played in the removal of Pearl from Hauck's possession. Without these facts to provide the necessary connective tissue between Defendant and the alleged injuries, Hauck's case rests on the sort of "speculation about the unfettered choices made by independent actors not before the courts," that cannot support Article III standing. *Lujan*, 504 U.S. at 562. Accordingly, the Court finds that Hauck fails to establish the Article III standing necessary for the Court to exercise subject matter jurisdiction over the case.

## 3.2   Personal jurisdiction.

A federal court must have personal jurisdiction over the parties to preside over their legal dispute. There are two types of personal jurisdiction: general and

DISMISSAL ORDER - 3

specific. *Bristol-Myers Squibb Co. v. Superior Ct.*, 582 U.S. 255, 262 (2017). General jurisdiction "enables a court to hear cases unrelated to the defendant's forum activities ... if the defendant has 'substantial' or 'continuous and systematic' contacts with the forum." *Brand v. Menlove Dodge*, 796 F.2d 1070, 1073 (9th Cir. 1986) (quoting *Haisten v. Grass Valley Med. Reimbursement Fund, Ltd.*, 784 F.2d 1392, 1396 (9th Cir. 1986)). Specific jurisdiction, by contrast, requires that the suit "arise out of or relate to the defendant's contacts with the forum," which in turn requires "an 'affiliation between the forum and the underlying controversy.' " *Bristol-Myers*, 582 U.S. at 262 (cleaned up) (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014)); *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011) (cleaned up). "For this reason, 'specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction.'" *Bristol-Myers*, 582 U.S. at 262 (quoting *Goodyear*, 564 U.S. at 919).

Hauck alleges no facts demonstrating that Defendant, a Delaware corporation with its principal place of business in New Jersey, has contacts with Washington sufficient to establish either general or specific jurisdiction. In opposition, Hauck appears to rely on the test set forth in *Calder v. Jones*, 465 U.S. 783 (1984), to argue that specific jurisdiction is established because "Defendant maintained and altered [Hauck's] [HomeAgain] account while [she] was a resident of Washington, and the resulting harm was suffered in Washington." Dkt. No. 31 at 7. But this argument fails under *Calder*, which "requires more than the defendant's awareness that the plaintiff it is alleged to have harmed resides in or has strong

DISMISSAL ORDER - 4

ties to the forum, because 'the plaintiff cannot be the only link between the defendant and the forum.'" *Ayla, LLC v. Alya Skin Pty. Ltd.*, 11 F.4th 972, 980 (9th Cir. 2021) (quoting *Walden v. Fiore*, 571 U.S. 277, 285 (2014)). Accordingly, the Court finds that Hauck fails to show that Defendant is subject to personal jurisdiction in this Court.

**3.3    Leave to amend.**

Hauck requests leave to amend her complaint, should the Court grant Defendant's motion to dismiss. Dkt. No. 31 at 8. She does not explain how she plans to cure the significant deficiencies in her complaint, and the Court is skeptical that she will be able to do so. Nevertheless, district courts must grant leave to amend "unless it is clear, upon de novo review, that the complaint could not be saved by amendment." *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002) (quoting *Polich v. Burlington N., Inc.*, 942 F.2d 1467, 1472 (9th Cir.1991)). Because Hauck— who is self-represented—might be able to save the complaint by pleading more facts and fewer legal conclusions, the Court grants her request for leave to amend.

## 4.   CONCLUSION

Accordingly, the Court GRANTS Defendant's motion to dismiss, Dkt. No. 30, and dismisses the FAC with leave to amend. Plaintiff must file an amended complaint within fourteen (14) days of the date of this Order. The Clerk is DIRECTED to place this deadline on the Court's calendar.

DISMISSAL ORDER - 5

Failure to timely file an amended complaint that addresses the deficiencies identified in this order will result in dismissal without prejudice.

Dated this 18th day of June, 2026.

Jamal N. Whitehead
United States District Judge

DISMISSAL ORDER - 6